# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Leyah Cole,

                Plaintiff,

                                    Civ. No. 12-1136 (RHK/JJG)
                                    **ORDER**

v.

RBC Capital Markets, LLC, d/b/a
RBC Wealth Management, *et al.*,

                Defendants.

---

      This matter is before the Court *sua sponte*.

      On May 1, 2012, Plaintiff Leyah Cole commenced this action in Minnesota state court against Defendant RBC Capital Markets, LLC, d/b/a RBC Wealth Management ("RBC"), her former employer, alleging disability discrimination, failure to accommodate, and retaliation in violation of the Minnesota Human Rights Act.  Invoking diversity jurisdiction, RBC removed the action to this Court.

      On May 16, 2012, Plaintiff filed an Amended Complaint (Doc. No. 6) adding as Defendants Joe Gaski and Chris Thiebaut, two employees of RBC who allegedly acted in concert with it to discriminate and retaliate against her.  The Amended Complaint alleges that Gaski and Thiebaut are Minnesota citizens, like Cole.  As a result, she has now moved to remand this action for lack of diversity jurisdiction.  The problem, however, is that Cole could not amend her Complaint as of right and, in the process, destroy diversity.

It is true that a party typically may amend her pleading once as of right within 21 days of serving it (or within 21 days of service of a responsive pleading). Fed. R. Civ. P. 15(a)(1). But this rule simply does not apply when the plaintiff adds a party whose presence would destroy diversity; in that case, "leave of court is required" before amendment. Young Scholars Child Dev. Ctr., Inc. v. Colony Ins. Co., No. 09–1924, 2010 WL 797848, at *4 (W.D. La. Mar. 1, 2010); accord, e.g., Arthur v. Stern, No. 07–3742, 2008 WL 2620116, at *3 (S.D. Tex. June 26, 2008) ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.") (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure § 1477 at 562 (2d ed. 1990)); Peralta Cmty. Coll. Dist. v. United Nat'l Ins. Co., 2004 WL 2254621, at *1 (N.D. Cal. Oct. 5, 2004) ("Notwithstanding the general rule, a plaintiff may not file as a matter of course an amended complaint if the effect would be to destroy diversity of the parties."); Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc., 916 F. Supp. 1024, 1026 (D. Nev. 1996) ("[A]lthough [the plaintiff] may have thought its amendment proper since it was filed 'as of right,' Rule 15(a) cannot be used to deprive the Court of jurisdiction over a removed action.").[1]

Cole argues that Rule 15 expressly permits the joinder of non-diverse parties when a complaint is amended as of right. (See Doc. No. 12 at 4 ("Federal Rule of Civil

---

[1] See also, e.g., Faye v. High's of Baltimore, 541 F. Supp. 2d 752, 758 (D. Md. 2008) ("[M]ost courts to consider the issue have found that Rule 15(a) cannot be used to defeat federal jurisdiction."); Clinco v. Roberts, 41 F. Supp. 2d 1080, 1086-87 (C.D. Cal. 1999); Springer-Penguin, Inc. v. Jugoexport, 648 F. Supp. 468, 469-70 (S.D.N.Y. 1986). Notably, in her Motion to Remand Cole cites at least one case reaching the same conclusion. (See Doc. No. 12 at 6 (citing Brown v. Entrust Admin. Servs., No. 10–5220, 2011 WL 1230275, at *2 (S.D. Tex. Mar. 30, 2011)).)

Procedure 15 allows a party to amend her complaint as a matter of course, without seeking leave from the Court, anytime within 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a).  *This includes amending a complaint to add a party.* <u>Id.</u>") (emphasis added).)  The text of Rule 15 simply does not support this argument; indeed, it makes no mention whatsoever of adding parties to a case.  Nor do the 2009 amendments to Rule 15, upon which Cole also relies, make any mention of amendments that add parties.

Simply put, Cole could not amend her Complaint and destroy diversity without first obtaining leave of the Court.  Based on the foregoing, and the files, records, and proceedings herein, **IT IS ORDERED** that Cole's Amended Complaint (Doc. No. 6) is **STRICKEN** and, as a result, her Motion to Remand (Doc. No. 8) is **DENIED AS MOOT**.  If Cole seeks to add Gaski and Thiebaut as Defendants, she must file a motion for leave to amend in accordance with the Federal Rules of Civil Procedure and Local Rules 7.1 and 15.1.

Dated: June 14, 2012  s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge